*Guthrie* for appellant: *Pirtle* for appellees.

---

CHANCERY.

*Case* 8.

*Sept.* 18.

Case stated.

## Payne *vs* Hunt and Morgan.

ERROR TO THE FAYETTE CIRCUIT.

*Wills. Devises—construction of.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

JOSHUA BROWN, of Fayette county, by his last will, after devising the farm and tract of land on which he resided, to his wife during her life, and after her death, to his three younger children, inserted the following provision: "But it is undrstood, that I do reserve out of the above legacies, as much land as will make my daughter, Matilda Payne, a *road ten feet wide*, leading from her house, along the present road passing my house, in the Tate's Creek road, which land, upon *actual measurement*, I give unto my daughter, Matilda Payne, and her heirs forever."

The widow and three younger children conveyed the tract of land and farm devised to them, to Hunt, and he put Morgan in possession, who placed obstructions on the strip of ground devised to Matilda Payne, and she brought ejectment against him, and recovered a general verdict, upon which judgment was rendered. Morgan and Hunt filed their bill enjoining the judgment, and charging irreparable injury to Hunt's farm and freehold, if the plaintiff be permitted to take possession as she claims, and be allowed to use the road as an open road, or as an absolute fee without limitation, or regard for the rights of the complainants, and pray that the true place of the strip of land devised to the plaintiff at law, may

be ascertained and fixed, and that she may be restrained from using it otherwise than as a road or passway, and that Hunt be allowed to erect and keep up gates at each end, so as to secure his farm and growing crop from devastation and ruin. Matilda Payne answered, claiming the absolute fee, without restriction in the use, and denying the location as contended for by the complainants.

The Circuit Court designated the location, and decreed that the defendant be allowed to use the ground as a closed passway or road only, and authorized and required Hunt to erect and keep up well constructed gates, at each end of the same, so as to secure to the defendant the free enjoyment and use of the same as a road, and retained power over the cause so as to enforce the decree. From this decree the defendant has appealed to this Court.

It appears in proof, that in the lifetime of Brown, the decedent, and at his death, there was a road leading from the house of his daughter Matilda Payne, through a woods pasture, by the house of the decedent, and diagonally across the land devised to his wife and three younger children, into the Tate's Creek road, which had been used by Mrs. Payne and family as a passway; that this road was inclosed at each end by gates, and by a gate near the house; that a mill house had been erected by Hunt since he purchased the farm, and the weight of evidence shows that a corner of the house obtrudes on the former road five or six feet, but of this there is some contrariety in the evidence, and if it does so obtrude, the ground upon which the present road runs, is equally good for a road; that there were several roads leading through the woods pasture to the gate near the house of Mrs. Payne which were alternately travelled. The Court directed the road to be laid down, running by and avoiding the corner of the mill, and located and established the road on the most direct rout, and on the general direction of the roads through the woods pasture.

The correctness of the decree depends upon the construction of the two devises in Brown's will. The intention of the devisor has always been held as the governing rule in the construction of wills. To arrive at that

A devise of a
tract of land to
the widow for
life, and after her
death to the three
youngest chil.

PAYNE
vs
HUNT, &c.

dren. "But it is
understood that
I do reserve out
of the above leg-
acy, as much
land as will make
my daughter, M.
P., a road ten
feet wide, lead-
ing from her
house along the
present road,
passing my house
on the Tate's
Creek road—
which land, up-
on actual meas-
urement, I give
unto my daugh-
ter, M. P. and her
heirs forever,"
construed to be
a devise of the
use of the ten
feet of ground as
a road, and not
a devise in fee of
the land.

intention, the language of the devises, and of the whole will, the situation, character and condition of the estate devised, as well as that of the devisees, are to be looked at and considered. Looking at these as exhibited in this record, we cannot believe that the devisor intended to devise to his daughter the strip of land in question for any other use or purpose, than as a passway or road from her premises to the Tate's Creek road. The width and length of the strip would render it useless for any other object; and to allow her to use it as an absolute fee, without limitation or restriction, would enable her, without benefit to herself, to enclose it with impassable walls, or dig an impassable ditch along it the whole length, and thereby obstruct the passage of his widow and younger children with their wagons or stock in it or across it, to the manifest injury of the farm and estate devised to them. Or she might throw the strip open at both ends at pleasure, exposing the farm to the depredations of stock, to their irreparable injury, unless they should enclose it with two long fences, running as the road runs, obliquely across their whole tract; or she might sue them for trespass as often as a hoof of their stock passed in or across the road. We cannot believe that such right or control was ever intended to be given to his daughter by the devise in question. To believe so would be to impute to the devisor, the consumate folly, of giving to his daughter that which, without benefit to herself, would enable her to annoy and harrass his widow and younger children at pleasure, and obstruct them in the beneficial use of their estate, and greatly impair its beauty and value.

Taking both devises together, such construction should be given to them as will secure to each set of devises provided for, the beneficial use and enjoyment of the estate devised, as was contemplated by the devisor. Even in a grant, which is subjected to a much stricter construction than a will, if a conveyance be made of a tract lying in the centre of a tract retained by the grantor, such grant by construction, and without words to that effect, carries with it the right of free egress and regress across the lands retained, as necessary to the *free enjoyment* and *beneficial use* of the land granted. So the two devises in the will,

the farm to the widow and younger children, with a reservation of a strip of land *ten feet* as a *road* for his daughter, to run along the road which she had been accustomed to use, and which had been used as a closed road, must be construed to pass to the widow and younger children the *free use* and *beneficial enjoyment* of the *farm;* and to impose on the daughter such limitations and restrictions in the use of the strip left her as a road, as will enable them so to use and enjoy it, and prevent her from molesting them in such use and enjoyment.

The fact that the title in fee was vested in the daughter can make no difference. The title must vest in some person, and it was vested in the daughter and her heirs as a better security for the *use* intended.

The road seems to be laid out as near as may be, on the ground formerly occupied and used as a road in the devisor's lifetime, and no other restrictions by the erection of gates, are imposed on its free use, than there existed, and than was, and now is necessary for the beneficial use and enjoyment of the farm. The slight deviation of a few feet, if such deviation in fact is made, to pass round the corner of the mill house, where the ground is as good and the course as direct, cannot be deemed to work the slightest injury to the defendant in the beneficial enjoyment of the privilege intended by the devisor. And we cannot indulge her in the exercise of mere caprice or ill will, and without a particle of benefit to herself, to work so great an injury to the complainant and the public, as to cause the mill to be pulled down or abated, that she may enjoy the privilege of passing over the precise ground she passed over in the lifetime of the devisor, especially when the devise to her contemplated an "*actual ad-measurement*" of the road in the accomplishment of which a deviation of four feet, at least, to the one side or the other, might have been allowed as the difference between ten feet and the usual width of a wagon track.

The decree of the Circuit Court is affirmed with costs.

*Owsley and Goodloe* for plaintiff: *Robinson and Johnson* for defendant.